UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SUSAN HOWELL,<br><br>        Plaintiff,<br><br>        v.<br><br>ENERGY NORTHWEST,<br><br>        Defendant. | CV-12-5153-SAB<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Defendant's Motion for Summary Judgment, ECF No. 42. The motion was heard without oral argument.

Plaintiff Susan Howell is a former employee of Defendant Energy Northwest. In 2012, Plaintiff filed suit under Title VII and the Washington Law Against Discrimination (WLAD), alleging gender discrimination, harassment/hostile work environment, retaliation, disability discrimination, and disparate impact discrimination.[1] Defendant now moves for summary judgment on Plaintiff's harassment/hostile work environment claim.

### MOTION STANDARD

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," show

---

[1] On June 16, 2014, Plaintiff filed a Stipulated Dismissal of Disparate Impact Claims. ECF No. 70.

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); Fed. R. Civ. P. 56(c). There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex*, 477 U.S. at 325. If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Id.* at 324; *Anderson*, 477 U.S. at 250.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law School*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

### FACTS

As with most employment discrimination claims, the parties rely on different versions of the events that took place at the work site. For purposes of Defendant's Motion for Summary Judgment, the facts are presented in the light most favorable to Plaintiff, the non-moving party.

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 2

Defendant Energy Northwest operates a nuclear power plant. Plaintiff Susan Howell was employed with Defendant from 2001 until September, 2010. She was initially hired as a Technical Specialist I for outage support. In December, 2002, she applied to be a nuclear security officer ("NSO"), and was ultimately hired for that position.

In order to become an NSO, a person has to pass medical, physical fitness, psychological, cognitive, personality, and security training requirements set by the federal Nuclear Regulatory Committee (NRC) and Defendant Energy Northwest. To continue employment, the NSO has to successfully pass numerous tests and qualifications. From 2002 to 2010, Plaintiff regularly passed all of the qualifications testing that were required to keep her NSO certification.

In August, 2010, however, Plaintiff was unable to pass the weapons qualification test. After she failed the first time, she was required to take it a second time on the same day, even though the outside temperature was more than 100 degrees. She failed the second attempt.[2] On the third try at a later date, Plaintiff passed the test, but the test results were recalled because her weapon was adjusted during the test. A few days later, Plaintiff attempted a fourth time, which she was deemed to have failed. On that same day, Plaintiff suffered an injury to her knee. Plaintiff requested accommodation for her injury and was originally offered a light duty position. However, this offer was subsequently retracted. A termination hearing was held, and Plaintiff was terminated from her job on September 22, 2010.

Plaintiff asserts that throughout her entire tenure as an NSO for Defendant she was subject to harassment by her male colleagues. There were two separate incidents where she was assaulted by two different co-workers. In September of 2006, a fellow NSO was angry that Plaintiff did not log out of the computer. He

---

[2] She had asked to retake it at a later date, but her request was denied.

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3**

yelled, "You bitch!" and then came up behind her and pulled her hair, ultimately dragging her to the other side of the room. Plaintiff did not report this incident because she was afraid. The incident was observed by a number of other male NSOs, but no one reported the assault, until a month later, when one of the male NSOs reported the assault to the manager of the squad. After an investigation, the male NSO was suspended for one day.

The second assault involved a different male NSO.  This NSO routinely placed his hands on, and his arms around, the female NSOs, and did so to Plaintiff on a regular basis. On one occasion, he blocked Plaintiff's exit and cornered her. He let her go when another employee entered the area. Plaintiff told another NSO about the incident. This NSO confronted the offending NSO and threatened if he ever did that again, the NSO would do something about it. At a later date, the offending NSO told Plaintiff, "Do not ever do that to me again, god dammit." The offending NSO was disciplined with two weeks off without pay.[3]

In addition to these two incidents, Plaintiff reports she was subjected to harassing conduct by her colleagues and supervisors that was directed at her because of her gender. For instance, Plaintiff was constantly heckled by other NSOs when she was practicing shooting or testing. She routinely had her hair pulled and other male NSOs would sneak up behind her and place their hands around her to see how she would react. She got the cold shoulder from the NSO who was suspended for two weeks. He refused to talk to her, even if it was necessary for the performance of the job duties. She would not be timely relieved for breaks. Her supervisor gave her and other female NSOs the cold shoulder. The male NSOs referred to taking a bowel movement as "taking a Susan." One time, someone hid her rifle. Other times co-workers would pour water in her hard hat

---

[3] He had a prior incident of "inappropriate touching of a female" in which he received one day without pay.

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 4

and place it in the freezer. There was an incident where someone wrote "idiot" on her hard hat. This type of conduct continued throughout her employment and affected her work environment and her ability to work.

**ANALYSIS**

1.    **Title VII Claim**

     a.    **Failure to Exhaust**

Defendant argues Plaintiff's Title VII hostile work environment claim is time barred because her discrimination charge does not contain any allegations of harassment prior to the August, 2010 testing and subsequent termination.

To establish federal subject matter jurisdiction, Plaintiff was required to exhaust her Equal Employment Opportunity Commission ("EEOC") administrative remedies before seeking federal adjudication of her claims. *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994). This can be done by filing a timely charge with the EEOC, or the appropriate state agency. 42 U.S.C. § 2000e-5. The filing of a charge affords the agency an opportunity to investigate the charge, give the charged party notice of the claim, and narrow the issues for prompt adjudication and decision. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002) (citation omitted). "The jurisdictional scope of a Title VII claimant's court action depends upon the scope of both the EEOC charge and the EEOC investigation." *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990). "Subject matter jurisdiction extends over all allegations of discrimination that either 'fell within the scope of the EEOC's *actual* investigation or an EEOC investigation which *can reasonably be expected* to grow out of the charge of discrimination.'" *B.K.B.*, 276 F.3d at 1100 (citation omitted; emphasis in original). "Allegations of discrimination not included in the plaintiff's administrative charge 'may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge.'" *Id.* (citations omitted). The court must construe the employee's EEOC charge "with the upmost

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 5

liberality since they are made by those unschooled in the technicalities of formal pleading." *Kaplan v. Int'l Alliance of Theatrical & Stage Emps.*, 525 F.2d 1354, 1359 (9th Cir. 1975), *abrogated on other grounds by Laughon v. Int'l Alliance of Theatrical Stage Employees,* 248 F.3d 931 (9th Cir. 2001).

In determining whether a plaintiff has exhausted allegations that she did not specify in her administrative charge, the court should consider factors including: (1) the alleged basis for the discrimination; (2) dates of discriminatory acts specified within the charge; (3) perpetrators of discrimination named in the charge; and (4) any locations at which discrimination is alleged to have occurred. *B.K.B.*, 276 F.3d at 1100. In addition, the court should consider whether the plaintiff's civil claims are reasonably related to allegations in the charge to the extent that those claims are consistent with the plaintiff's original theory of the case. *Id.*

Here, the timeline of Plaintiff's reports to the state and federal investigatory agencies is critical to the resolution of this issue. Plaintiff completed a discrimination questionnaire with the Washington State Human Rights Commission (WSHRC) on March 4, 2011. She completed this document without the assistance of counsel. There was no box to check for sexual harassment, but Plaintiff checked the boxes for disability, age, and sex. Plaintiff then signed a formal complaint with the WSHRC on June 27, 2011. On May 4, 2012, Plaintiff was advised that the WSHRC complaint had been transferred to the EEOC. Shortly thereafter, Plaintiff spoke to the EEOC investigator and sent a follow up letter[4] in which she stated:

_____

[4] In its reply, Defendant argues this letter is inadmissible hearsay. However, the letter is not being used to establish the truth of the matter asserted, *i.e.* that Plaintiff experienced a hostile work environment. Instead, the letter is evidence that is part of the investigatory process of the EEOC.

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 6

I have discussed the sexual harassment two separate incidents that were investigated by the company in 2007. The whole time I was an officer it was an atmosphere that was a hostile work environment…..The atmosphere was not friendly to the females in the security force they were afraid to raise their concerns for fear of losing their job. . . I brought this fact of women being singled out in security force to the attention of Vice President Dale Atkinson in my termination hearing on September 13, 2010 he became agitated and said, "Is this where we are going with this?" His attitude was that of indifference rather than concern. He did not care about my injury and became pompous and irritable when I brought it up. It is sexual harassment when you are harassed because of your gender and that is what happened.

ECF No. 53-2 at 5.

This letter is dated June 20, 2012. Finally, on August 13, 2012, the EEOC issued Plaintiff a Right to Sue letter, and Plaintiff filed this lawsuit a few months later.

The Court finds that the alleged sexual harassment as described in Plaintiff's complaint fell within the EEOC's actual investigation, or the investigation reasonably should have covered the alleged sexual harassment, given Plaintiff's follow-up letter, and given the relationship between the various theories that the term "gender discrimination" incorporates. In *B.K.B.*, the plaintiff complied with the requirement to exhaust administrative remedies because the court ruled that she should be allowed to supplement her EEOC charge with the facts alleged in her pre-complaint questionnaire. 276 F.3d at 1103. In the case at bar, Plaintiff is attempting to supplement her WSHRC complaint with her post-complaint letter to the EEOC. There is no functional distinction between pre-complaint and post-complaint supplemental factual allegations as long as they are made at a time when the administrative agency could have included them in the pre-lawsuit investigation.

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 7

Additionally, the record indicates that Plaintiff was routinely heckled by her male co-workers while she was practicing at the shooting range, and even while she was testing. The failed tests were the underlying basis for the termination, which clearly is the focus of the discrimination charge. The investigation into the failed tests would inevitably expose the heckling and teasing, which supports Plaintiff's hostile work environment claim. Because Plaintiff's allegations of a hostile work environment can reasonably be expected to grow out of the charge of discrimination from the termination, the Court has jurisdiction over Plaintiff's Title VII hostile work environment claim.

> **b.** **Judgment as a Matter of Law**

Additionally, Defendant argues that summary judgment as a matter of law is appropriate because Plaintiff's failure to report the alleged harassment events bars her from asserting any Title VII harassment claims and any of the alleged harassment she did report was effectively remedied.

Under federal law, a plaintiff must show that: (1) the plaintiff was subjected to harassment; (2) the conduct was unwelcome; (3) the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create a hostile work environment; (4) the plaintiff perceived the working environment to be abusive or hostile; and (5) a reasonable woman in the plaintiff's circumstances would consider the working environment to be abusive or hostile. 9th Cir. Civ. Pattern Jury Instruction 10.2A; *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1113 (9th Cir. 2004) (noting the work environment must be both subjectively and objectively hostile); *Ellison v. Brady*, 924 F.2d 872, 878-79 (9th Cir. 1991) (noting that in the context of sexual harassment, the court evaluates objective hostility from the perspective of a reasonable woman).

Factors the court considers in evaluating objective hostility include: the "frequency of discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8**

unreasonably interferes with an employee's work performance." *McGinest*, 360 F.3d at 1113. "The required level of severity or seriousness 'varies inversely with the pervasiveness or frequency of the conduct.'" *Nichols v. Azteca Rest. Enters., Inc.*, 256 F.3d 864, 872 (9th Cir. 2001) (citation omitted). "Simple teasing, offhand comments, and isolated incidents (unless extremely serious will not amount to discriminatory changes in the terms and conditions of employment." *Id.* (citation omitted).

Federal law recognizes affirmative defenses where the hostile environment is caused by a supervisor. In *Burlington Indus., Inc. v. Ellerth*, the U.S. Supreme Court held that an employer can be subject to vicarious liability under Title VII for a hostile environment created by a supervisor, but it has an affirmative defense if the employee has not suffered tangible job consequences. 524 U.S. 742, 765 (1998). On the same day, it held in *Faragher v. City of Boca Raton* that an employer may be vicariously liable under Title VII for actionable discrimination caused by a supervisor, subject to an affirmative defense looking at the reasonableness of the employer's conduct as well as that of the employee. 524 U.S. 775, 807 (1998). If the harasser is a co-worker, the plaintiff must prove the employer was negligent. *Swinton v. Potomac Corp.*, 270 F.3d 794, 803 (9th Cir. 2001).

Here, there are genuine issues of material facts regarding whether Defendant is entitled to the *Ellerth/Faragher* defense, and whether Defendant was negligent. For instance, there are questions of material fact concerning:

(1) whether Plaintiff was subjected to a sexually hostile work environment by a co-worker;

(2) whether Plaintiff suffered a tangible employment action;

(3) whether a supervisor caused the discrimination;

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 9

(4) whether Defendant used reasonable care to prevent and promptly correct the harassing behavior;

(5) whether Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or unreasonably failed to otherwise avoid harm; and

(6) whether Defendant or member of Defendant's management knew or should have known of the harassment and failed to take prompt, effective remedial action reasonably calculated to end the harassment.

Because there is sufficient evidence in the record from which a reasonable jury could find in favor of Plaintiff, summary judgment on Plaintiff's Title VII hostile work environment claim is not appropriate.

**2.      Washington Law Against Discrimination Claim (WLAD)**

      **a.      Statute of Limitations**

Defendant argues Plaintiff's claims for hostile work environment under the Washington Law Against Discrimination (WLAD) should be dismissed because it fully resolved the two assaultive incidents to Plaintiff's satisfaction (*i.e.*, she testified she was not subjected to any subsequent harassment by these two male co-workers), and because she failed to complain or report about any of the other incidents. It also argues the remaining alleged acts of harassment involved different co-workers, substantially different facts and incidents from one another, and occurred sporadically over a lengthy period of time. Consequently, none of the incidents can be reasonably linked together to a related course of conduct. Defendant relies on the fact that Plaintiff cannot attribute a date or year to several of the incidents, and if she did complain, these were fully remedied by Defendant.

The WLAD does not have an exhaustion requirement, but it does have a three-year statute of limitations. *Antonius v. King Cnty.*, 153 Wash.2d 256, 261-62 (2004) ("Discrimination claims must be brought within three years under the general threeyear statute of limitations for personal injury actions.").

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 10

The Washington courts have adopted the federal analysis for determining whether a hostile work environment claim is timely. *Antonius*, 153 Wash.2d at 273. The federal analysis provides:

> A hostile work environment claim is comprised of a series of separate acts that collectively constitute one "unlawful employment practice." 42 U.S.C. § 2000e–5(e)(1). The timely filing provision only requires that a Title VII plaintiff file a charge within a certain number of days after the unlawful practice happened. It does not matter, for purposes of the statute, that some of the component acts of the hostile work environment fall outside the statutory time period. Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability.
>
> . . . .
>
> A court's task is to determine whether the acts about which an employee complains are part of the same actionable hostile work environment practice, and if so, whether any act falls within the statutory time period.

*Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117, 120 (2002).

"The continuing violation doctrine is intended to address a series of acts which collectively constitute conduct based upon a discriminatory purpose. The doctrine provides that when a series of discriminatory acts occurs to create a cause of action for hostile work environment, all of the conduct may be considered when some of the related acts that arise out of the same discriminatory animus occur within the statute of limitations." *Crownover v. State ex rel. Dep't of Transp.*, 165 Wash.App. 131, 141-42 (2011). In such a case, the plaintiff must establish one or more acts based upon the same discriminatory animus within the statute of limitations. *Id*.

Here, if a reasonable jury believes Plaintiff's version of events, it could find that the discriminatory conduct occurred within the statute of limitations, and any

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11**

discriminatory conduct occurring outside of the statute of limitations arose out of the same discriminatory animus.  As such, summary judgment based on the statute of limitations is not appropriate.

**b.    Judgment as a Matter of Law**

Additionally, there are genuine issues of material fact concerning Plaintiff's WLAD hostile work environment claim. Under Washington law, to establish a prima facia hostile work environment claim, Plaintiff must show that (1) she was subjected to unwelcome harassment; (2) the harassment was on account of her gender; (3) the harassment affected the terms and conditions of her employment; and (4) the harassment is imputable to the employer. *Antonius*, 153 Wash.2d at 261. To satisfy the third element, the harassment must be sufficiently pervasive so as to alter her working conditions. *Crownover*, 165 Wash.App. at 145. It is not sufficient that the conduct is merely offensive. *Id*.

Courts look at the totality of the circumstances, and consider such factors as the frequency and severity of harassing conduct, whether it was physically threatening or humiliating, or merely an offensive utterance, and whether it unreasonably interfered with the employee's work performance. *Alonso v. Quest Commc'n Co.,* 178 Wash.App. 734, 751 (2013). Casual, isolated or trivial manifestations of a discriminatory environment do not affect the terms or conditions of employment to a sufficiently significant degree to violate the law. *Id*.

Harassment is imputed to an employer in two ways: first, when an owner, manager, partner or corporate officer personally participates in the harassment; and second, when the harasser is the plaintiff's supervisor or co-worker if the employer "authorized, knew, or should have known of the harassment and … failed to take reasonably prompt and adequate corrective action." *Davis v. Fred's Appliance, Inc*., 171 Wash.App. 348, 362 (2012).

The plaintiff must show that: (1) complaints were made to the employer through higher managerial or supervisory personnel or by proving such a

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12**

pervasiveness of sexual harassment at the work place as to create an inference of the employer's knowledge or constructive knowledge of it; and (2) the employer's remedial action was not of such nature as to have been reasonably calculated to end the harassment. *Perry v. Costco Wholesale, Inc.*, 123 Wash.App. 783, 791-92 (2004). "[T]he basic question is not whether an investigation is either prompt or adequate. Rather, the question is whether the remedial action by the employer is effective." *Id.* at 795.

Similar to Plaintiff's Title VII claim, there are genuine issues of material fact that must be resolved by the jury. For instance, questions of fact exist for:

(1) whether there was conduct of a sexual nature;

(2) whether the conduct was so offensive or pervasive that it altered the conditions of Plaintiff's employment;

(3) whether an owner, manager, partner, or corporate officer of employer participated in the conduct or language;

(4) whether Defendant knew, through complaints or other circumstances, of this conduct or language;

(5) whether Defendant should have known of this harassment, because it was so pervasive or through other circumstances; and

(6) whether Defendant failed to take reasonably prompt and adequate corrective action reasonably designed to end it.

Because there is sufficient evidence in the record for which a reasonable jury could find in favor of Plaintiff for these questions, summary judgment on Plaintiff's WLAD hostile work environment claim is not appropriate.

**3.    Conclusion**

Here, Plaintiff alleges she was continually harassed by her male co-workers on account of her gender. Defendant generally denies such harassment occurred, or if it did, it adequately remedied the offending conduct. This is a classic situation where the jury must resolve these issues of facts. Moreover, because Plaintiff's

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 13

allegations of hostile work environment reasonably fell within the scope of the EEOC investigation, and because a reasonable jury, if it believed Plaintiff's version of events, could find in favor of Plaintiff on her hostile work environment claim, summary judgment is not proper.

Accordingly**, IT IS HEREBY ORDERED:**

1.  Defendant's Motion for Summary Judgment, ECF No. 42, is **DENIED**.

2.  Plaintiff's Stipulated Motion of Dismissal of Disparate Impact Claims, ECF No. 70, is **GRANTED**. Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), Plaintiff's disparate impact claims are **dismissed** with prejudice and without costs or fees to any party related to this claim.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 26th day of June, 2014.

STANLEY A. BASTIAN
United States District Judge

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 14