UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SUSAN HOWELL,<br><br>    Plaintiff,<br><br>    v.<br><br>ENERGY NORTHWEST,<br><br>    Defendant. | NO. 2:12-CV-05153-SAB<br><br>**ORDER DENYING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT** |

    Before the Court are Defendant's Motion for Partial Summary Judgment on Plaintiff's Gender Disparate Treatment and Retaliation Claims, ECF No. 67, and Defendant's Motion for Partial Summary Judgment on Plaintiff's Disability Discrimination Claims, ECF No. 85. The motions were heard without oral argument. Plaintiff is represented by Anne-Marie Sargent. Defendant is represented by Keller Allen, Robert Dutton, and Kathleen Galioto.

    Plaintiff is a former employee of Energy Northwest. She brought suit under Title VII and the Washington Law Against Discrimination, alleging gender discrimination, harassment/hostile work environment, retaliation, disability discrimination and disparate impact discrimination. ECF No. 22. Previously, the Court denied Defendant's Motion for Partial Summary Judgment on Plaintiff's harassment/hostile work environment claim and Plaintiff dismissed her disparate impact claim. ECF No. 83.

///

**ORDER DENYING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT** ~ 1

Defendant now moves for summary judgment on Plaintiff's gender discrimination, retaliation, and disability discrimination claims.

## ANALYSIS

**1. Gender Discrimination Claim**

Disparate treatment occurs "where an employer has treated a particular person less favorably than others because of a protected trait." *Wood v. City of San Diego*, 678 F.3d 1075, 1081 (9th Cir. 2012). There are two ways a plaintiff can survive a summary judgment motion in an employment discrimination case: (1) direct or circumstantial evidence of discriminatory motive or intent; or (2) meeting the three-step burden-shifting scheme established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Dominguez-Curry v. Nevada Transp. Dep't*, 424 F.3d 1027, 1037 (9th Cir. 2005) ("In responding to a summary judgment motion in a Title VII disparate treatment case, a plaintiff may produce direct or circumstantial evidence demonstrating that a discriminatory reason more likely than not motivated the defendant's decision, or alternatively may establish a prima facie case under the burden-shifting framework set forth in McDonnell Douglas.").

A plaintiff may defeat summary judgment by offering direct or circumstantial evidence "that a discriminatory reason more likely motivated the employer" or "that the employer's proffered explanation is 'unworthy of credence' because it is internally inconsistent or otherwise not believable." *Anthoine v. North Central Counties Consortium*, 605 F.3d 740, 753 (9th Cir. 2010) (citing *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1127 (9th Cir. 2000). "These two approaches are not exclusive; a combination of the two kinds of evidence may in some cases serve to establish pretext so as to make summary judgment improper." *Id*.

Construing the facts in the light most favorable to Plaintiff, the Court finds there is sufficient evidence in the record for a reasonable jury to find that Plaintiff's gender was a motivating factor in Defendant's decision (a) to require

**ORDER DENYING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT** ~ 2

her to take the second test on the same day; (b) to invalidate the third test; (c) to not give her time to recuperate before testing again; and (d) to terminate her. As such, summary judgment is not appropriate on Plaintiff's gender discrimination claims.

### 2. Retaliation Claim

Similar to Plaintiff's hostile workplace claim, Plaintiff's retaliation claim is like, or reasonably related to, the allegations contained in the EEOC charge and an EEOC investigation of retaliation was likely to grow out of the charge. *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002). As such, the Court has jurisdiction over Plaintiff's Title VII retaliation claim.

To establish a prima facie case of retaliation, a plaintiff must show that (1) she engaged in statutorily protected activity; (2) she suffered an adverse employment action; and (3) there was a causal link between her activity and the other person's adverse action. *Stegall v. Citadel Broadcasting Co.*, 350 F.3d 1061, 1074 (9th Cir. 2003); *Currier v. Northland Services, Inc.*, __ Wash.App. __ , 2014 WL 3842954 *3 (Aug. 4, 2014). To provide a causal link between the protected activity, *i.e.* complaints of gender discrimination, and her termination, Plaintiff must provide evidence that her complaints were a "substantial factor" motivating Defendant's decision. *Currier*, 2014 WL 3842954 at *4. As the Washington courts explain, "retaliation need not be the main reason behind the discharge decision but instead need only be the reason which 'tips the scales' toward termination." *Id.*

Here, Plaintiff has met her burden of presenting evidence that Defendant's explanations for her termination are pretext for discriminatory motive. *See Bell v. Clackamas County*, 341 F.3d 858, 865 (9th Cir. 2003) ("Temporal proximity between protected activity and an adverse employment action can by itself constitute sufficient circumstantial evidence of retaliation in some cases.") Consequently, there is sufficient evidence in the record for a reasonable jury to find that Plaintiff's complaints about gender discrimination were a motivating or

**ORDER DENYING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT** ~ 3

substantial factor in the decision to terminate her, and summary judgment is not appropriate on Plaintiff's retaliation claims.

### 3. Failure to Accommodate Claim

In her Amended Complaint, Plaintiff asserted a claim under the Washington Law Against Discrimination, Wash. Rev. Code § 49.60.180, for failing to accommodate Plaintiff for her disability, failing to participate in the interactive process to accommodate her disability, and for terminating her in part on the basis of her disability or perceived disability.[1] With respect to reasonable accommodation, Plaintiff contends that the only accommodation she needed was additional time to recover from her knee injury before re-taking the tactical qualification test.

To establish a prima facie case of failure to reasonably accommodate a disability, a plaintiff must show that (1) the employee had a sensory, mental, or physical abnormality that sufficiently limited her ability to perform the job; (2) the employee was qualified to perform the essential functions of the job in question; (3) the employee gave the employer notice of the abnormality and its accompany substantial limitations; and (4) upon notice, the employer failed to affirmatively adopt measures that were available to the employer and medically necessary to accommodate the abnormality. *Davis v. Microsoft Corp.*, 149 Wash.2d 521, 532 (2003). An employer's duty to reasonably accommodate an employee's disability does not rise until the employer is aware of the employee's disability and physical limitations. *Anica v. Wal-Mart Stores*, 120 Wash.App. 481, 489-90 (2004). The employee bears the burden of giving the employer notice of her disability. *Id*.

An employer must reasonably accommodate a disabled employee unless the accommodation would pose an undue hardship. *Frisino v. Seattle Sch. Dist. No.1*,

---

[1] Plaintiff concedes that her claim alleging she was terminated due to her disability may be dismissed. ECF No. 93 at 3 n.2.

**ORDER DENYING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT** ~ 4

160 Wash.App. 765, 777 (2011). A reasonable accommodation must allow the employee to work in the environment and perform the essential functions of her job without substantially limiting symptoms. *Id*. To meet its burden, the employer must affirmatively take steps to help the disabled employee continue working at the existing position or attempt to find a position compatible with the limitations. *Id*. On the other hand, an employer is not required to reassign an employee to a position that is already occupied, create a new position, or eliminate or reassign essential job functions. *Id*

Here, there are genuine issues of material fact surrounding Plaintiff's injury, whether Defendant was given notice, and whether it was unreasonable for Defendant to deny Plaintiff time to recuperate from her injury before she was required to take the tactical qualification test. As such, summary judgment is not appropriate on Plaintiff's disability discrimination claims.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Partial Summary Judgment on Plaintiff's Gender Disparate Treatment and Retaliation Claims, ECF No. 67, is **DENIED**.

2. Defendant's Motion for Partial Summary Judgment on Plaintiff's Disability Discrimination Claims, ECF No. 85, is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 27th day of August, 2014.

Stanley A. Bastian
United States District Judge

**ORDER DENYING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT** ~ 5